JAMES CERVONA, ADMINISTRATOR, ETC., RESPONDENT,
   v. DELAWARE, LACKAWANNA AND WESTERN RAIL-
   ROAD COMPANY, APPELLANT.

Submitted July 5, 1920—Decided October 15, 1920.

On appeal from the Supreme Court, in which court the fol-
lowing *per curiam* was filed:

"The suit was brought under the Federal Employers' Lia-
bility act, and the fact that the deceased was engaged in an
interstate commerce employment at the time of the accident
is not contested. The appeal is predicated only upon the
failure of the trial court to grant a nonsuit, and direct a
verdict. The deceased was a section hand upon the railroad,
and at the time of the accident was engaged with a fellow
employe in repairing the track switch appliances. On his
return from lunch he was run over by a light engine backing
up on the main track near the place where plaintiff had been
working in the forenoon.

"There was no actual witness of the occurrence. It was
shown to be the duty of the fireman to keep a lookout along
the track. At this time he was engaged in clearing his fires,
and no lookout was maintained. If the accident occurred from
this failure of the fireman to perform his duty, the case was
manifestly one of negligence of a fellow servant, and cog-
nizable as such under the federal act.

"There is no proof that the deceased negligently stepped
in front of the engine. There was testimony that no signal
of any kind was given, and there was proof that the fireman
was not attending to his specific duty of keeping a lookout
along the track, and that the engine was coming down the
track in the reverse order, a situation from which it might
be reasonably argued that in the absence of a lookout a signal
of the approach of the engine along the main track should
have been given. There was sufficient in the case from which

the jury might reasonably infer that the accident was produced by the negligence of a fellow employe, and that fact was sufficient upon which to predicate the action under the federal act, and carry the case to the jury, even if there was proof of contributory negligence as a proximate cause. If the case were here upon a rule to show cause, the argument as to the weight of evidence would be *appropos,* but in this appeal we are not concerned with that question. *Grybowski* v. *Erie R. R.,* 88 *N. J. L.* 1; *affirmed,* 89 *Id.* 361; *Santomassimo* v. *N. Y., S. & W. R. R.,* 92 *Id.* 10.

"Whether the deceased assumed the risk as an obvious one was not undisputed on the evidence, and, therefore, if it was in the case at all, was a jury and not a court question under our cases. *Ambrecht* v. *D., L. & W. R. R.,* 90 *N. J. L.* 529; *Tonsellito* v. *N. Y. C. R. R.,* 87 *Id.* 651.

"We think the situation created by the facts in the case presented a jury question, and that the motion to direct a verdict, as well as the motion to direct a nonsuit, were properly refused.

"The judgment will be affirmed."

For the respondent, *Alexander Simpson.*

For the appellant. *Walter J. Larrabee.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court.

*For affirmance*—SWAYZE, TRENCHARD, BERGEN, KALISCH, KATZENBACH, WHITE. HEPPENHEIMER. WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ.  11.

*For reversal*—None.